Argued and submitted October 9, 1984, affirmed April 23, 1985

STAIGER et al,
*Respondents on Review,*

*v.*

BURKHART et al,
*Petitioners on Review.*

(TC 131,718; CA A26533; SC S30895)

698 P2d 487

Ralph C. Spooner, Salem, argued the cause for petitioners on review. With him on the briefs were Spooner & Much and Williams & Spooner, Salem.

C. S. Emmons, Albany, argued the cause for respondents on review. With him on the briefs was Emmons, Kyle, Kropp, Kryger & Alexander, P. C.

LENT, J.

**LENT, J.**

The issue is whether a motor vehicle liability insurer is entitled to an offset against its liability policy limits for the sum it has paid to an injured person as personal injury protection (PIP) benefits.[1] We hold that the insurer is not entitled to the offset.

Plaintiffs[2] were passengers in a motor vehicle operated by defendant Lisa Burkhart in 1980. The vehicle was involved in a collision with another vehicle, and plaintiffs thereby sustained bodily injuries. Plaintiffs brought action against defendants Burkhart and others for damages for their bodily injuries.

Defendant Oregon Mutual Insurance Company (OMIC) had issued a motor vehicle liability policy to the Burkharts. The policy had a single $50,000 bodily injury limit. Plaintiffs were entitled under the policy to PIP benefits to be paid by OMIC, and OMIC paid each plaintiff $5,000 for such benefits.[3]

Plaintiffs settled their actions for damages. As a part of the settlement of those claims, OMIC contributed $40,000 to the total settlement figure. OMIC and plaintiffs agreed that the right to litigate whether OMIC must pay each of the plaintiffs an additional $5,000 to exhaust OMIC's bodily injury coverage limits was preserved. This declaratory judgment action is to determine that issue.

The trial court gave judgment for plaintiffs for the sum of $5,000 each. On defendants' appeal the Court of Appeals affirmed. We allowed review to consider the issue posed at the outset of this opinion.

We have discussed the statutory PIP benefits scheme

---

[1] ORS 743.800 and 743.805 provide that every motor vehicle liability insurance policy issued for delivery in Oregon must provide personal injury protection benefits in favor of certain persons. In general such benefits consist of payments for medical expenses and loss of income during the first year following the date on which a beneficiary sustains bodily injury resulting from the use or maintenance of a motor vehicle.

[2] In this opinion we shall refer to the minors named in the title of the case as the plaintiffs.

[3] Passengers in an "insured motor vehicle" are primary insureds, ORS 743.810(1)(b), and are entitled to personal injury protection benefits, ORS 743.800(1).

in general in *Kessler v. Weigandt,* 299 Or 38, 699 P2d 183 (1985). This case does not involve ORS 743.825 (interinsurer reimbursement). OMIC did not proceed under ORS 743.828 (claim and enforcement of lien upon recovery from tortfeasor or tortfeasor's insurer) or ORS 743.830 (statutory method of recovery similar to subrogation).[4] Rather, OMIC contends that it is entitled under a proper interpretation of ORS 743.835 to the offset.[5] ORS 743.835 provides:

> "Payment by a motor vehicle liability insurer of personal injury protection benefits for its own insured shall be applied in reduction of the amount of damage that the insured may be entitled to recover from his insurer under uninsured motorist coverage for the same accident."

OMIC draws our attention to the original language of ORS 743.835 as enacted in 1971. That text clearly stated that payment of PIP benefits was to be applied in reduction of "the amount of damage [sic] that the insured may be entitled to recover from *any insurer* under bodily liability or uninsured motorist coverage for the same accident." (Emphasis added.) OMIC relies on this court's decision in *Monaco v. U.S. Fidelity & Guar.,* 275 Or 183, 550 P2d 422 (1976).

In that case plaintiff sought to recover damages for bodily injuries under the $10,000 uninsured motorist coverage provided by the defendant. Plaintiff's damages were stipulated to be $20,000. Under the same policy defendant was responsible for the payment of plaintiff's PIP benefits and paid $8,322.35 under that coverage. Plaintiff contended that because there would be no double recovery (in light of the stipulation as to the amount of her actual damages) the defendant should pay her the full $10,000 under the uninsured motorist coverage. Defendant contended that it was entitled to the offset under ORS 743.835. We pointed out that in earlier cases we had held insurance contract provisions "attempting to set off recovery under the uninsured motorist coverage" to be invalid on public policy grounds. We agreed with the insurer that the legislative history of the 1971 statute

---

[4] Whether OMIC could have proceeded under ORS 743.825 or 743.830 is not before us.

[5] OMIC has not brought to our attention any provision of its policy entitling it to the offset. We do not suggest that such a policy provision would or would not be valid. The issue is not before us.

indicated that the legislature intended that the PIP benefits not be in addition to the amount recoverable up to policy limits in "limits" cases. We found even more important to be the text of the statute. We said:

> "Whatever the legislative history of an act may indicate, it is for the legislature to translate its intent into operational language. This court cannot correct clear and unambiguous language for the legislature so as to better serve what the court feels was, or should have been, the legislature's intent. *Lane County v. Heintz Construction Co. et al,* 228 Or 152, 157, 364 P2d 627 (1961)."

275 Or at 188. We concluded that the text of the statute "clearly and specifically" entitled the offset sought by the defendant.[6]

OMIC also relies on our decision in *Northwestern Pac. Indem. v. Canutt,* 280 Or 375, 570 P2d 1182 (1977), in which we held that a PIP benefits payor was entitled to full reimbursement out of the sum paid out of the money received by the payee from the liability insurer from the payee's tortfeasor. We arrived at that holding by applying the text of former ORS 743.835. We do not perceive any reason to doubt what we there held, but that holding has nothing to do with the present text of ORS 743.835. In fact, in footnote 1, 280 Or at 377, we specifically warned that the decision might no longer be applicable under the amendment to ORS 743.835.

We do not believe that either of the cases just discussed are of any help to OMIC. To the contrary, the quotation concerning statutory construction from *Monaco* set forth, *supra,* is quite detrimental to OMIC's position. The 1975 amendment to ORS 743.835 purposely eliminated the reference to "any" insurer, and the statute now encompasses only the right of offset of the writer of uninsured motorist coverage.

OMIC makes the same argument that was made by United States Automobile Association in *Kessler v. Weigandt,*

---

[6] There is no hint in the opinion in *Monaco v. U.S. Fidelity & Guar.,* 275 Or 183, 550 P2d 422 (1976), that the plaintiff specifically argued that the offset was to be applied to her damages rather than the policy limits. The opinion does not disclose that this court may have realized there was a real question. *See Kessler v. Weigandt,* 299 Or 38, 699 P2d 183 (1985).

*supra,* that we should apply what the Insurance Commissioner's representative may have thought the 1975 amendments accomplished. We have already rejected that statutory construction in *Kessler* and shall not apply it here.

There is no statutory text that supports OMIC's position in this case. Its duties are prescribed by statute, and there is no basis arising above mere argument to show that the insurer should not be bound by the statutory text. The insurer was charged with knowledge of the relevant law when it set its premium and sold the policy to the Burkharts.

The judgments of the trial court and of the Court of Appeals are affirmed.