Argued and submitted October 9, 1984, affirmed April 23, 1985

# KESSLER,
*Respondent on Review,*

*v.*

# WEIGANDT,
*Defendant,*

# UNITED SERVICES AUTOMOBILE ASSOCIATION,
*Petitioner on Review.*

(TC A8010-005643; CA A24652; SC S30823)

697 P2d 574

J. P. Graff, Portland, argued the cause for petitioner on review. With him on the briefs were James F. Spiekerman and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Ben C. Fetherston, Jr., Portland, argued the cause for respondent on review. With him on the briefs were John J. Haugh, John J. Haugh, P. C., and Haugh & Foote, P. C., Portland.

David C. Landis, Portland, filed a brief *amicus curiae* for Oregon Association of Defense Counsel.

J. Michael Alexander and Brown, Burt, Swanson, Lathen & Alexander, Salem, filed a brief *amicus curiae* for Oregon Trial Lawyers Association.

LENT, J.

## LENT, J.

■ The issue is whether an "authorized"[1] motor vehicle liability insurer which is required under ORS 743.825[2] to reimburse another such insurer for the amount paid by it to its insured for personal injury protection (PIP) benefits[3] is entitled to a credit in that amount in determining whether the reimbursing insurer has exhausted its liability policy limits in settling a claim against its insured by the payee of the PIP benefits where the payee's damages are in excess of the liability policy limits. We hold that the liability insurer is not entitled to such credit.

This plaintiff was injured in a motor vehicle collision caused by the negligence of defendant Weigandt. Defendant United Services Automobile Association (USAA) was defendant Weigandt's motor vehicle liability insurer. In pertinent part the policy provided:

---

[1] An "authorized" insurer is one authorized by a subsisting certificate of authority issued by the Insurance Commissioner of this state to transact insurance in this state. ORS 731.066(1), 731.072(1) and 731.076(1). Both defendant United Services Automobile Association (USAA) and Fireman's Fund Insurance Company (FFI) were authorized insurers.

[2] ORS 743.825 provides:

"(1) Every authorized motor vehicle liability insurer whose insured is or would be held legally liable for damages for injuries sustained in a motor vehicle accident by a person for whom personal injury protection benefits have been furnished by another such insurer, or for whom benefits have been furnished by an authorized health insurer, shall reimburse such other insurer for the benefits it has so furnished if it has requested such reimbursement, has not given notice as provided in ORS 743.828 that it elects recovery by lien in accordance with that section and is entitled to reimbursement under this section by the terms of its policy.

"(2) In calculating such reimbursement, the amount of benefits so furnished shall be diminished in proportion to the amount of negligence attributable to the person for whom benefits have been furnished, and the reimbursement shall not exceed the amount of damages legally recoverable by him.

"(3) Disputes between insurers as to such issues of liability and the amount of reimbursement required by this section shall be decided by arbitration.

"(4) Findings and awards made in such an arbitration proceeding are not admissible in any action at law or suit in equity."

[3] ORS 743.800 and 743.805 provide that every motor vehicle liability insurance policy issued for delivery in Oregon must provide personal injury protection benefits in favor of certain persons. In general such benefits consist of payments for medical expenses and loss of income during the first year following the date on which a beneficiary sustains bodily injury resulting from the use or maintenance of a motor vehicle.

"[USAA] will pay damages for bodily injury * * * for which [Weigandt] became legally responsible because of an auto accident. * * *"

"* * * * *

"The limit of liability shown in the Declarations [$100,000] for 'each person' for Bodily Injury Liability is [USAA's] maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. * * *

"This is the most [USAA] will pay regardless of the number of * * * claims made * * *."

Plaintiff brought this action against defendant Weigandt, alleging severe and permanent bodily injury and seeking $375,000 in general damages and special damages for wage loss in the amount of $47,777.60 and medical, hospital and drug expense in the amount of $11,000.

Under a policy issued by Fireman's Fund Insurance Company (FFI), plaintiff was entitled to PIP benefits, which were paid to plaintiff in the amount of $11,931.15. FFI informed plaintiff that he was not authorized to seek recovery in his action for the PIP benefits paid to him, and FFI notified USAA that FFI would seek reimbursement for those benefits under ORS 743.825. All parties are agreed that USAA is liable to FFI for the $11,931.15 paid in PIP benefits.

While the action was pending, plaintiff and USAA, on behalf of defendant Weigandt, conducted settlement negotiations. Plaintiff, through counsel, made a "policy limits" demand for $100,000 to settle for his damages. Plaintiff contended that USAA would not be entitled to "any deductions or offsets" for the payments made by FFI or for advance payments[4] made by USAA. USAA contended that it would be. Plaintiff's counsel also asserted to USAA that plaintiff's wife was entitled to recover damages for loss of consortium.

The parties have stipulated:

"The claim of the plaintiff for damages as the result of the accident in question, including his pain and suffering, his mental and emotional distress, his permanent disability, and

---

[4] An insurer may make advance payments to an injured person without thereby admitting liability. ORS 12.155 and 18.500 to 18.530.

his permanent loss of wage earning capacity, had a value in excess of $100,000."

As a result of the settlement negotiations, both plaintiff's claim for damages for his bodily injuries and his wife's claim for damages for loss of consortium were settled for the "gross sum" of $100,000. It was agreed that for the immediate payment to plaintiff and his wife of $100,000, less the amount of PIP payments and advance payments, plaintiff and his wife would not seek any further recovery from defendant Weigandt personally. It was agreed that plaintiff and defendant would present to the court "the issue of whether USAA has exhausted its $100,000 policy limits by payments made to" the plaintiff and his wife and the payment to FFI to reimburse for its payment of PIP benefits.[5]

Because the action, in effect, then continued against USAA alone, USAA was added as a defendant in the trial court. The trial court held in plaintiff's favor and gave judgment accordingly, and USAA appealed. The Court of Appeals affirmed, and we allowed USAA's petition for review to determine the issue stated at the outset of this opinion.

The statutes describe three ways in which insurers which have paid PIP benefits may recover the amounts paid. The first is ORS 743.825. The second is ORS 743.828, which provides that an authorized motor vehicle liability insurer which has paid PIP benefits and "has not been a party to an interinsurer reimbursement proceeding with respect to such benefits under ORS 743.825" may, by following the procedure described in ORS 743.828, have a lien against the payee's recovery of damages from any "person" either upon claim or by legal action. The third is ORS 743.830, which gives a motor vehicle liability insurer which has paid PIP benefits a statutory right similar to subrogation to the payee's recovery by way of settlement or judgment from a person legally responsible for the motor vehicle accident, but only if the "interinsurer reimbursement benefit of ORS 743.825 is not available" and the insurer has not elected to proceed under ORS 743.828.

---

[5] USAA had made advance payments to plaintiff. Originally, plaintiff contended that USAA was not entitled to offset those payments against its $100,000 liability. The trial court held against plaintiff on that issue, and on plaintiff's cross-appeal, the Court of Appeals affirmed. Plaintiff has not pursued that contention in this court. From a monetary standpoint, the issue before us is whether plaintiff is entitled to judgment against USAA for $11,931.15, the amount of PIP benefits.

Because both USAA and FFI are authorized motor vehicle liability insurers and FFI has not elected to recover by lien under ORS 743.828, ORS 743.825 governs this case.[6] The text of that statute imposes upon an authorized motor vehicle liability insurer whose insured is or would be held legally liable for damages to the PIP benefits payee an obligation to reimburse the PIP benefits payor. The text does not impose any obligation on the insured. The PIP benefits payor's correlative right under the statute is against the insurer alone.

Defendant Weigandt is USAA's insured. The parties have stipulated that plaintiff's injuries were caused by Weigandt's negligence in the operation of his motor vehicle. Plaintiff's action was timely filed. Weigandt was legally liable or, under that stipulation, would have been held legally liable for plaintiff's damages. Under ORS 743.825 USAA has the statutory obligation to pay the amount of PIP benefits to FFI. Weigandt has no obligation to FFI.

Under its contract of insurance with Weigandt USAA has the obligation to pay damages for bodily injury for which Weigandt is legally responsible. The parties have stipulated that plaintiff's claim for damages "had a value in excess of $100,000." Were PIP benefits no part of this picture, it is clear that USAA would, under its contract with Weigandt, pay $100,000 to plaintiff in settlement of his claim for damages for bodily injury.

USAA contends that the Court of Appeals erred in construing ORS 743.825(1) because that court held that a PIP's benefits reimbursement made prior to judgment or settlement is not a payment under the policy of the person at fault. Whether that is an accurate characterization of the Court of Appeals' decision is not important. The statute imposes a duty on the *authorized* motor vehicle liability insurer to pay a sum of money to another *authorized* motor vehicle liability insurer if the latter has paid PIP benefits and is entitled to recover the amount paid under its policy. The statute simply identifies the *authorized* insurer which must

---

[6] FFI has requested reimbursement under ORS 743.825, and the cause has proceeded at all levels on the assumption that FFI is entitled to reimbursement under ORS 743.825 by the terms of its policy.

pay. The authorized insurer which must pay is that insurer whose insured "is or would be held legally liable for damages for injuries sustained in a motor vehicle accident by a person for whom" PIP benefits have been paid by another *authorized* insurer. The plain words of the statute impose that obligation to pay on USAA in favor of FFI.

USAA argues that legislative history directs a different result. USAA contends that the PIP scheme was originally enacted in 1971 to ensure prompt payment by his own insurer of part of an injured person's medical expenses and wage loss, but there was to be no "double recovery." By that USAA means that the legislative history shows that the injured person was not to recover both PIP benefits plus the legally responsible person's liability "policy limits" in any situation. There is legislative history to support the view that the legislature may have so intended that result. That is borne out by the text of a statement by the Insurance Commissioner before the Senate Judiciary Committee on May 19, 1971:

> "Section 9 [later codified as ORS 743.835] provides that the money paid by an insurer under this coverage is not in addition to the policy limits in a limits case, but is subtracted from the policy. The same would be true if you had an uninsured motorist claim."

As enacted the statute provided:

> "Payment of any [PIP] benefit * * * to * * * any insured * * * shall be applied in reduction of the amount of damage [sic] that the insured may be entitled to recover from any insurer under bodily liability or uninsured motorist's coverage for the same accident."[7]

Or Laws 1971, ch 523, § 9, later codified as ORS 743.835. USAA assumes in its argument that the text of the Insurance Commissioner's statement and the statutory text are synonymous. That is not necessarily so. The statement speaks to subtraction of the amount of PIP benefits from the "policy limits." The statute speaks to an entirely different minuend, *i.e.,* "the amount of damage [sic]" which an injured person may be entitled to recover from an insurer. The text of the

---

[7] In certain instances an injured third party may recover directly from a liability insurer. *See* ORS 743.783. *See also Groce v. Fidelity General Insurance,* 252 Or 296, 448 P2d 554 (1969).

statute is not in accord with the Commissioner's explanation if the *damages* that a PIP benefits payee is entitled to recover are in *excess* of the policy limits.

We shall assume, *arguendo,* that the 1971 statute should have been construed to mean that the PIP benefits payee could recover from the liability insurer no more than the policy limits less the amount received as PIP benefits. This construction quite easily could give rise to a very real problem, as noted by USAA in its petition for review:

| "Description | Amount |
|---|---|
| PIP payment | $ 12,000 |
| Liability limits | 100,000 |
| PIP reimbursement | 12,000 |
| Judgment (or settlement) | 80,000 |
| Insurer pays | 68,000 |

"The injured party in this example receives $12,000 in PIP benefits from his insurer. His claim for payment from the liability insurer is reduced by that amount, so the liability carrier has to pay only $68,000. The liability of the person at fault is, however, for $80,000. Therefore, the person at fault is required to pay the balance, even though he purchased coverage of $100,000. The statutory reduction thus placed the liability insurer in breach of its obligations to its insured. Furthermore, the injured person receives a double recovery after all, once in the form of PIP benefits furnished by his own insurer and against from the person at fault."[8]

USAA continues by arguing that in 1975 legislative amendments solved that kind of problem.

USAA states that this was accomplished by amending ORS 743.835 and 18.510. We set forth ORS 743.835 prior to amendment and after amendment for ease of comparison:

*Prior:*

"Payment of any benefit required by ORS 743.800 to or for any insured and any payment required by ORS 743.825 to any health insurer or health care service contractor shall be applied in reduction of the amount of damage that the insured may be entitled to recover from any insurer under bodily

---

[8] On oral argument in this court USAA asserted that the posited case results in double recovery, but that assertion leaves out of the calculus the fact that premiums were paid by separate insureds for promises by separate insurers.

liability or uninsured motorist coverage for the same accident."

*After:*

"Payment by a motor vehicle liability insurer of personal injury protection benefits for its own insured shall be applied in reduction of the amount of damage that the insured may be entitled to recover from his insurer under uninsured motorist coverage for the same accident."

ORS 18.510 was amended, in pertinent part, by adding a subsection (2):

"If judgment is entered against a party who is insured under a policy of liability insurance against such judgment and in favor of a party who has received benefits that have been the basis for a reimbursement payment by such insurer under ORS 743.825, the amount of the judgment shall be reduced by reason of such benefits in the manner provided in subsection (3) of this section."

The vehicle for these amendments was a bill introduced at the request of the Insurance Commissioner. USAA informs us that the Commissioner's representative testified before a legislative committee to which the bill was referred as follows:[9]

" 'A key principle of Oregon's PIP law is that the insurer of the negligent party in a motor vehicle accident should be the ultimate bearer of the accident injury expenses. Where the involved insurers are all authorized to do business in Oregon this can be accomplished through the inter-insurer reimbursement procedure provided by this section, with mandatory arbitration of disputes.' *Commentary on Oregon Personal Injury Protection Benefits* - 1975, Minutes, House Committee on Labor and Business Affairs, April 22, 1975, Exhibit H, p. 4."[10]

" 'This section [ORS 743.835] in the existing law was *intended to prevent double recovery by the injured person from a liability insurer* or his own uninsured motorist policy in addition to the PIP or health insurance benefits he received. Various problems in connection with this section are *believed* to be taken care of in sections 8, 9 and 14 of the 1975 Act. Thus, only the case of the coexistent payments from the uninsured motorist and PIP provisions of the injured person's

---

[9] We have not independently verified the chronological order of the paragraphs quoted by USAA, but both, according to USAA, were on the same day.

[10] As quoted from USAA's petition for review.

policy need be treated in this amended section.' (State Archives Minutes of Proceedings before House Committee on Labor & Business Affairs, April 22, 1975, Exhibit H, page 6). (Emphasis added.)"[11]

The parties have not cited to us any legislative history showing what legislative committee members or other members of the legislature may have considered the amendments to have accomplished. Our own search has produced no discussion by legislators in committee or on the floor showing agreement or disagreement with the Insurance Commissioner's representative's interpretation of the amendments. The plain fact of the matter is that the Commissioner's representative was mistaken as to the effect of the amendatory language submitted to the legislature.[12]

■■ ORS 743.835 was amended to make its text applicable solely to those situations involving a claim for PIP benefits and uninsured motorist coverage against the payee's own insurer. ORS 18.510(2) is concerned only with judgments and has nothing to do with settlements. This case does not concern a claim by the injured party against his own insurer. This case is concerned only with a settlement and has nothing to do with a judgment. Neither present ORS 743.835 nor 18.510(2) is applicable.

■ What we do have is a claim by an injured person against Weigandt. USAA by its contract of insurance has undertaken to pay Weigandt's liability for damages to this injured person up to the sum of $100,000, and USAA and

---

[11] As quoted from USAA's brief in the Court of Appeals.

[12] In its brief in the Court of Appeals, USAA contended that the statute, ORS 18.510(2), was susceptible of a "possible construction" to read as follows:

" 'If judgment *or settlement* is *obtained* [entered] against the party who is insured under a policy of liability insurance against such judgment *or settlement* and in favor of a party who has received benefits that have been the basis for a reimbursement payment by such insurer under ORS 743.825, the amount of the judgment *or settlement* shall be reduced by reason of such benefits in the manner provided in subsection (3) of this section.' "

There is nothing presented to us to indicate that the *legislature* intended to write a statute in that language.

*Compare, Jones v. Wallace,* 291 Or 11, 628 P2d 388 (1981), in which we applied statutory text notwithstanding that proponents of the text had submitted a memorandum to the legislature in which the proponents had mistaken the legal effect of the text that they sponsored.

plaintiff have agreed that plaintiff's damages have a value in excess of that sum.[13]

What we do have is a statutory obligation by USAA to pay to FFI the sum of $11,931.15. That obligation arises from ORS 743.825, which only applies to situations involving insurers that are *both authorized* motor vehicle liability insurers. It is an obligation placed on an insurer that chooses to become authorized to transact insurance in this state. See footnote 1, *supra.*

The judgments of the Court of Appeals and of the trial court are affirmed.

---

[13] FFI's claim is *not* for bodily injury.