Argued and submitted September 5, reversed and remanded October 30,
reconsideration denied December 13, 1985, petition for review allowed
February 25, 1986 (300 Or 562)
See later issue Oregon Reports

BAUDER,
*Appellant,*

*v.*

FARMERS INSURANCE COMPANY OF OREGON,
*Respondent.*

(A8403-01592; CA A34683)

707 P2d 1296

Ben C. Fetherston, Jr., Portland, argued the cause for appellant. With him on the briefs was Haugh & Foote, P.C., Portland.

William L. Hallmark, Portland, argued the cause for respondent. With him on the brief were William G. Earle, and Hallmark, Griffith & Keating, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff's protected person[1] was seriously injured in an automobile accident. The driver of the other vehicle was uninsured. Defendant is plaintiff's automobile insurer, and its policy provides personal injury protection (PIP) coverage and uninsured motorist coverage, both with $100,000 limits. After the accident, defendant paid plaintiff $100,000 from the PIP coverage for medical expenses. Defendant then denied plaintiff's claim for uninsured motorist coverage payments on the ground that, under ORS 743.835, the PIP payments were an offset against and exhausted plaintiff's uninsured motorist coverage.[2] Plaintiff brought this action, alleging that general damages of $2,000,000 had been sustained due to the uninsured driver's negligence and that plaintiff was entitled to recover $100,000 from defendant under the uninsured motorist coverage. The trial court granted summary judgment for defendant, and plaintiff appeals.

ORS 743.835 provides:

"Payment by a motor vehicle liability insurer of personal injury protection benefits for its own insured shall be applied in reduction of the amount of damage that the insured may be entitled to recover from his insurer under uninsured motorist coverage for the same accident."

Plaintiff argues that ORS 743.835 allows an insurer's PIP payments to its insured to be subtracted from the *damages* the insured may recover under his uninsured motorist coverage, but that the statute does not contemplate that the *limits of the uninsured motorist coverage* can be reduced by the insurer's PIP payments. Therefore, plaintiff maintains, in cases such as this, where the amount of damages exceeds the aggregate of the limits of uninsured motorist coverage and the insurer's PIP payments, ORS 743.835 does not prevent the insured from recovering under the former. Defendant's position is the converse of plaintiff's. Notwithstanding defendant's extensive

---

[1] We will refer to plaintiff and the protected person interchangeably as "plaintiff."

[2] Defendant's policy contains an offset provision that duplicates the substance of ORS 743.835. We do not understand defendant to argue, nor should it have, that the policy provision is subject to a different interpretation than the statute or furnishes a basis independent of the statute for a holding in defendant's favor. *Compare Edwards v. Bonneville Auto. Ins. Co.*, 299 Or 119, 699 P2d 670 (1985).

discussion of legislative history, neither party urges that the statute is ambiguous.

Defendant argues that *Monaco v. U.S. Fidelity & Guar.*, 275 Or 183, 550 P2d 422 (1976), is virtually identical to this case and is controlling in defendant's favor. Although plaintiff does not concede that *Monaco* is as favorable to defendant as defendant asserts, plaintiff's stronger and more emphatically urged point is that two decisions that the Supreme Court rendered while this action was in progress have all but eradicated *Monaco* as authority. The court noted in *Staiger v. Burkhart*, 299 Or 49, 698 P2d 487 (1985):

> "There is no hint in the opinion in *Monaco v. U.S. Fidelity & Guar.*, 275 Or 183, 550 P2d 422 (1976), that the plaintiff specifically argued that the offset was to be applied to her damages rather than the policy limits. The opinion does not disclose that this court may have realized there was a real question. *See Kessler v. Weigandt*, 299 Or 38, 699 P2d 183 (1985)." 299 Or at 53, n 6.

In *Kessler v. Weigandt*, 299 Or 38, 699 P2d 183 (1985), the court said:

> "* * * [The insurer] assumes in its argument that the text of the Insurance Commissioner's statement and the statutory text are synonymous. That is not necessarily so. The statement speaks to subtraction of the amount of PIP benefits from the 'policy limits.' The statute speaks to an entirely different minuend, i.e., 'the amount of damage [sic]' which an injured person may be entitled to recover from an insurer. The text of the statute is not in accord with the Commissioner's explanation if the *damages* that a PIP benefits payee is entitled to recover are in *excess* of the policy limits." 299 Or at 44-45. (Emphasis in original.)

*See also Edwards v. Bonneville Auto. Ins. Co.*, 299 Or 119, 126, 699 P2d 670 (1985). Although the court did not answer the question in either *Staiger* or *Kessler,* the quoted statements make it clear that the precise question plaintiff raises is now an open one, notwithstanding *Monaco.*

■ ■  We agree with plaintiff's understanding of ORS 743.835. The statute refers to a "reduction of the amount of *damage* that the insured may be entitled to recover from his insurer *under* uninsured motorist coverage." (Emphasis supplied.) The statute does not say that PIP payments can effect

a diminution of the uninsured motorist coverage itself. Moreover, if policy arguments were relevant to the inquiry, we would find considerable merit to plaintiff's contention that the only logical objective of ORS 743.835 is to prevent PIP payments from resulting in double recovery, not to eliminate a second specie of coverage for which a premium has been paid and that is necessary to compensate the insured fully.

Reversed and remanded.