Argued and submitted September 30, affirmed December 4, 1991, reconsideration denied February 19, petition for review denied April 28, 1992 (313 Or 209)

Teri BABB,
*Appellant,*

*v.*

## MID-CENTURY INSURANCE COMPANY,
*Respondent.*

(89C-11623; CA A67125)

821 P2d 424

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Keith J. Bauer, Salem, argued the cause for respondent. With him on the brief were Billy M. Sime and Parks, Bauer & Sime, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff brought this declaratory judgment action to determine her rights under ORS 742.534(1)[1] and an insurance policy issued by defendant. She appeals from a summary judgment for defendant. We affirm.

After plaintiff was injured in an automobile accident, defendant, plaintiff's motor vehicle liability insurer, paid her $5,000 in personal injury protection (PIP) benefits.[2] Defendant then sought reimbursement for that payment from Safeco Insurance Co., the tortfeasor's insurer. Safeco did not reimburse defendant directly. Instead, because plaintiff's damages exceeded its insured's liability limits, Safeco offered those limits to plaintiff in full settlement. Plaintiff accepted that offer, and Safeco issued a draft payable to plaintiff and defendant jointly. When the parties negotiated the draft, defendant received $5,000 as reimbursement for the PIP benefits. However, plaintiff reserved the right to contest that reimbursement.

The parties agree that defendant's right to reimbursement is controlled by ORS 742.534(1):

> "Every authorized motor vehicle liability insurer whose insured is or would be held legally liable for damages for injuries sustained in a motor vehicle accident by a person for whom personal injury protection benefits have been furnished by another such insurer * * * shall reimburse such other insurer for the benefits it has so furnished if it has requested such reimbursement, has not given notice as provided in ORS 742.536 that it elects recovery by lien in accordance with that section and is entitled to reimbursement under this section by the terms of its policy. *Reimbursement under this subsection, together with the amount paid to injured persons by the liability insurer, shall not exceed the limits of the policy issued by the insurer.*"[3] (Emphasis supplied.)

---

[1] At the time of the events underlying this action, the provisions of ORS 742.534(1) were in ORS 743.825(1). The legislature renumbered that provision in 1989, but did not alter its substance. We refer to the renumbered version.

[2] Every motor vehicle liability insurance policy issued for delivery in Oregon must provide personal injury protection benefits as provided in ORS 742.520 to ORS 742.542.

[3] In 1987, the legislature amended what was then ORS 743.825(1) to add the emphasized sentence.

That statute allows an authorized motor vehicle liability insurer reimbursement for PIP benefits paid to its insured if its policy permits it to seek reimbursement and it chooses not to proceed pursuant to ORS 742.536.

The parties do not dispute that defendant requested reimbursement from Safeco, did not give notice of an election to recover the PIP benefits by lien and is entitled to reimbursement under the terms of its policy. Moreover, they do not dispute that Safeco is required to pay no more than the limits of liability carried by its insured.

Defendant argues that ORS 742.534(1) requires Safeco to reimburse it for PIP benefits. The tortfeasor's liability limits as to the tort victim are then reduced by the amount of that reimbursement. Plaintiff contends that, because her damages exceed the insurance liability limits, she can recover those limits without reduction. If so, Safeco would then have no policy obligation to reimburse defendant under ORS 742.534(1). In plaintiff's view, she can recover the limits of the tortfeasor's liability policy and also retain the PIP benefits already received. To support her argument, she asks us to consider the legislative history of ORS 742.534(1), especially the amendment that limited the liability insurer's financial exposure. *See* n 3, *supra*.

We do not consider legislative history unless the language of a statute fails to provide sufficient insight into the legislative intent. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1991). The language of ORS 742.534(1) clearly expresses the intent of the legislature. It provides that the tortfeasor's insurer "*shall* reimburse such other insurer" for PIP benefits. The word "shall" is usually imperative and mandates the specified action. *Stanley, Adm. v. Mueller*, 211 Or 198, 208, 315 P2d 125 (1957). Although "shall" can sometimes be construed to mean "may," we will not do that unless the legislature clearly intended it. 211 Or at 208. No such intent appears in the statutes. *See* ORS 742.520 to ORS 742.542. It would be illogical to read "shall" as meaning "may" and create a result that is inconsistent with the PIP scheme. *See, e.g.*, ORS 742.536; ORS 742.538.[4] Accordingly, ORS

---

[4] In addition to the interinsurer reimbursement provision of ORS 742.534, there are two other ways an insurer who pays PIP benefits can seek to recover that

742.534(1) mandates that, when an insurer seeks reimbursement from a tortfeasor's liability insurer for PIP benefits, the PIP insurer is entitled to be reimbursed before the victim may receive anything.

Affirmed.

---

payment. In some cases, ORS 742.536 permits the insurer to impose a lien against its insured's cause of action for the amount of PIP benefits paid. In other cases, ORS 742.538 subrogates an insurer to the rights of its insured to the extent of PIP benefits paid. If the tortfeasor carries liability insurance, those statutes permit the injured person's insurer to recover PIP benefits from that insurance, regardless of the extent of the injured person's damages. However, those statutes do not require the tortfeasor's insurer to pay more than the tortfeasor's liability limits. Thus, under both alternative methods of recovery, the injured person can only recover the limits of the tortfeasor's liability insurance less the amount of PIP benefits that that person's insurer paid.