### FARMERS INSURANCE COMPANY OF OREGON,
an Oregon corporation,
*Appellant,*

*v.*

### AMERICAN FIRE & CASUALTY INSURANCE CO.,
an Ohio corporation;
and Barbara L. Snyder,
*Respondents.*

(90-CV0208ST; CA A68181)

844 P2d 235

Joel S. DeVore and Luvaas, Cobb, Richards & Fraser, P.C., Eugene, for petition.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

In a *per curiam* opinion, we reversed and remanded with instructions to enter judgment for plaintiff, Farmers Insurance Company (Farmers). 114 Or App 435, 833 P2d 1382 (1992). Defendant American Fire & Casualty Insurance Co. (American) petitions for review. We treat the petition as one for reconsideration. ORAP 9.15(1). We allow the petition, withdraw our opinion and affirm.

In 1988, cars driven by Bradetich and Grieneeks collided. Snyder, a passenger in Bradetich's car, was injured. Bradetich's insurer, Farmers, paid $12,867.97 in PIP benefits to Snyder and requested reimbursement from Grieneeks' insurer, American. Instead of reimbursing Farmers, American paid $25,000 to Snyder as a settlement of Snyder's claims against Grieneeks.

Farmers filed this action for reimbursement from Snyder and American and moved for summary judgment against both defendants. American moved for partial summary judgment on the ground that it had already paid an amount that equaled the limits on Grieneeks' policy. The court granted that motion and dismissed Farmers' claim against American. ORCP 67B. Later, the court granted Farmers' motion for summary judgment against Snyder.

The material facts are not in dispute. We review the court's conclusion that American was entitled to judgment as a matter of law. *Tolbert v. First National Bank*, 312 Or 485, 494, 823 P2d 965 (1991); *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). ORS 742.534(1)[1] provides:

> "Every authorized motor vehicle liability insurer whose insured is or would be held legally liable for damages for injuries sustained in a motor vehicle accident by a person for whom personal injury protection benefits have been furnished by another such insurer, or for whom benefits have been furnished by an authorized health insurer, shall reimburse such other insurer for the benefits it has so furnished if it has requested such reimbursement, has not given notice as provided in ORS 742.536 that it elects recovery by lien in

---

[1] Before 1989, ORS 742.534 was numbered ORS 743.825.

accordance with that section and is entitled to reimbursement under this section by the terms of its policy. *Reimbursement under this subsection, together with the amount paid to injured persons by the liability insurer, shall not exceed the limits of the policy issued by the insurer.*" (Emphasis supplied.)

*Kessler v. Weigandt*, 299 Or 38, 699 P2d 183 (1985), held that a liability carrier was required to reimburse a PIP carrier, despite the fact that the liability carrier had already exhausted its policy limits in settling a claim by the injured party. The legislature overruled *Kessler* by adding the final sentence to what is now ORS 742.534(1). Or Laws 1987, ch 632, § 2; *Allstate Insurance Co. v. Safeco Insurance Co.*, 99 Or App 162, 164 n 2, 781 P2d 399 (1989).

Farmers contends:

"[The amended statute] permit[s] the liability carrier to deduct the amount of the mandated PIP reimbursement from the benefits otherwise payable [to the injured party]."

Nothing in the amended statute supports Farmers' contention that the limitation now found in ORS 742.534(1) applies only if the liability carrier reimburses the PIP carrier before making any payment to the injured party. American's payment to Snyder exhausted the coverage limits of Grieneeks' policy. The amended statute unambiguously limits American's exposure to the policy limit of $25,000. Any reimbursement by American to Farmers would exceed that limit. The court correctly granted American's motion for partial summary judgment.[2]

Petition for reconsideration allowed; opinion withdrawn; affirmed.

---

[2] In our previous opinion, we incorrectly relied on *Babb v. Mid-Century Ins. Co.*, 110 Or App 67, 821 P2d 424 (1991), *rev den* 313 Or 209 (1992). In that case, the PIP carrier had paid $5,000 to the injured party. The liability carrier then issued a check payable to the injured party and the PIP carrier. The injured party sought a declaration that the PIP carrier was not entitled to reimbursement under ORS 742.534(1), because her damages exceeded the liability carrier's policy limits. We held that the injured party could not preclude the PIP carrier from retaining $5,000 reimbursement from the proceeds of the settlement check. *Babb* did not present the question of whether a liability carrier could be required to exceed its policy limits. Our decision in that case has no application here.