Argued and submitted January 25, affirmed November 3, 1993

Lori WILLHITE,
*Appellant,*

*v.*

BIFF'S SEAFOOD RESTAURANT, INC.,
*Defendant,*
*and*

Danny Mardel LUNDY,
*Respondent.*

(9101-00081; CA A73723)

862 P2d 580

Randall J. Wolfe argued the cause for appellant. With him on the brief was Bailey & Wolfe.

Thomas W. Brown argued the cause for respondent. With him on the brief was Cosgrave, Vergeer & Kester.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

In this personal injury action, the jury returned a verdict in favor of plaintiff for $21,720.[1] Plaintiff submitted a money judgment, including costs and disbursements, and a Notice of Claim of Lien by Attorney. The lien is based on a contingency fee agreement between plaintiff and her attorney. ORS 87.445 to ORS 87.490. Defendant's liability insurer filed a statement that acknowledged its obligation to reimburse plaintiff's insurer for the amount the latter had paid in personal injury protection (PIP) benefits to plaintiff ($6,925.44). ORS 742.534. Defendant also filed an objection to the amount of the judgment, arguing that, before the attorney lien was satisfied, the judgment should be reduced by the amount of the PIP benefits. The trial court agreed with defendant and entered a partial satisfaction of judgment in favor of defendant for that amount. We affirm.

Plaintiff argues that the statutory scheme for attorney liens does not allow defendant to circumvent the lien by reducing the judgment in an amount necessary to pay the PIP carrier. She contends that, under ORS 87.475(2), the attorney lien, which attaches after a cause of action is filed, ORS 87.445, cannot be reduced until the lien is satisfied in full. ORS 87.475(2) provides:

"Except as provided in subsections (3) and (4) of this section, a party to the action, suit or proceeding, or any other person, does not have the right to satisfy the lien created by ORS 87.445 or any judgment, decree, order or award entered in the action, suit or proceeding until the lien, and claim of the attorney for fees based thereon, is satisfied in full."

Defendant argues that the trial court correctly applied ORS 18.510(2) and the applicable case law. ORS 18.510(2) provides:

"If judgment is entered against a party who is insured under a policy of liability insurance against such judgment and in favor of a party who has received benefits that have been the basis for a reimbursement payment by such insurer under ORS 742.534, *the amount of the judgment shall be*

---

[1] The jury also returned a verdict in favor of Biff's Seafood. By "defendant," we refer to defendant Lundy.

*reduced by reason of such benefits* in the manner provided by subsection (3) of this section." (Emphasis supplied.)

Defendant reasons: Under ORS 742.524, an injured person is entitled to PIP benefits from the PIP insurer and, under ORS 742.534(1), the PIP insurer may be entitled to mandatory reimbursement from the tortfeasor's liability insurer for the PIP benefits paid to the injured person. The injured person is not entitled to PIP benefits from both the PIP insurer and the tortfeasor, ORS 18.510(2); *Dougherty v. Gelco Express Corp.*, 79 Or App 490, 719 P2d 906 (1986), and a PIP insurer that seeks reimbursement from a tortfeasor's insurer is entitled to be reimbursed before the injured person receives anything. *Babb v. Mid-Century Ins. Co.*, 110 Or App 67, 821 P2d 424 (1991), *rev den* 313 Or 209 (1992). Under ORS 87.480,[2] an attorney has only the same rights in a judgment as the client has. Defendant concludes that, because plaintiff here has a right only to a judgment from which the PIP benefits have been deducted, the attorney lien does not apply until ORS 18.510(2) has been complied with.

■ ■    We agree with defendant. We do not read ORS 87.475(2) in isolation, but construe it in conjunction with the other attorney lien provisions, ORS 18.510(2) and ORS 742.534(1). We will avoid a construction that creates a conflict or renders one statute ineffective. We must, if possible, give effect to each provision. *Vaughan v. Pacific Northwest Bell Telephone*, 289 Or 73, 83, 611 P2d 281 (1980). The language of ORS 742.534(1) is mandatory. *Babb v. Mid-Century Ins. Co., supra*, 110 Or App at 70. The judgment must be reduced by the amount of the PIP benefit. That is the judgment to which the attorney lien applies.

That interpretation gives effect to the statutes and also accomplishes the purposes of the attorney lien statutes and the PIP reimbursement provisions. The legislature has determined that a plaintiff should not receive a "double benefit" of both PIP payments and the same amounts from the tortfeasor's insurer. The statutory scheme of ORS 87.445

---

[2] ORS 87.480 provides:

"Attorneys have the same right and power over actions, suits, proceedings, judgments, decrees, orders and awards to enforce their liens as their clients have *for the amount due thereon to them*." (Emphasis supplied.)

*et seq* implements the policy that money an attorney has obtained for a client's benefit should be a source for payment of only attorney fees. However, the lien is not a statutory right to a separate or additional source for an attorney fee. Rather, the attorney's rights are coextensive with the client's. The trial court did not err in reducing the judgment here.

Plaintiff argues that, apart from her attorney's lien, we erred in *Dougherty v. Gelco Express Corp., supra,* in concluding that ORS 18.510(2) is satisfied by a liability insurer's "formal acknowledgment" of a PIP reimbursement obligation under ORS 742.534(1). Here, that acknowledgment was filed with the court. We rejected plaintiff's arguments in *Dougherty* and decline to revisit them.

Affirmed.