Argued and submitted December 11, 1981, reversed
and remanded May 12, 1982

# PORT,
*Respondent,*

*v.*

# CAMPBELL-NORQUIST, INC.,
*Appellant.*

## (No. A7810-16983, CA A20985)

644 P2d 659

Lee A. Hansen, Portland, argued the cause for appellant.
With him on the briefs was Brown, Hansen & Steenson,
Portland.

Stephen E. Lawrence, Portland, argued the cause for respondent. With him on the brief was Richardson, Murphy & Lawrence, Portland.

Before Gillette, Presiding Judge, Young, Judge, and Roberts, Judge Pro Tempore.

YOUNG, J.

### YOUNG, J.

This is an appeal from a judgment awarding plaintiff $6,634.12 for unpaid sales commissions allegedly earned during his employment. Defendant[1] contends that it was error to grant plaintiff a partial summary judgment on the issue of liability. ORCP 47C. We agree and reverse.[2]

The interlocutory order granting partial summary judgment on liability states in relevant part:

"* * * That the court has determined plaintiff is owed a commission. The court makes no decision at this time as to the amount owed or who owes it."

ORCP 47C, in part, provides:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*" (Emphasis added.)

Defendant argues (1) that there is a genuine issue of material fact whether the oral employment agreement concerned the payment of a commission based on sales or a bonus based on profits; and (2) that the interlocutory order establishing liability did not determine that defendant owed the commission.

■ With respect to defendant's first assignment, the deposition of defendant's bookkeeper was to the effect that commissions on sales would be paid if defendant had funds left after the payment of other obligations and that after 1972 there never were funds with which to pay

---

[1] Contrary to the caption of the pleadings in this case, defendant's correct name is Campbell-Norquist & Co. It is a successor to another company with the name in the caption.

[2] Plaintiff argues that the interlocutory order granting summary judgment is not reviewable. Although the order granting partial summary judgment is not a final appealable order, the judgment awarding plaintiff the sum of $6,634.12 is, and defendant may now raise the issues it preserved at any stage in the proceeding. *Thunderbird Motel v. City of Portland,* 40 Or App 697, 596 P2d 994, *rev den* 287 Or 409 (1979).

commissions.[3] That is some evidence that the compensation claimed by plaintiff was in the nature of a bonus dependent upon profits and not a commission on sales, and it was error to determine by partial summary judgment that plaintiff was "owed a commission."

■ Under ORCP 47C, it was also error to grant plaintiff a partial summary judgment on the issue of liability against defendant, because it was not determined that *defendant*[4] was liable to plaintiff. In other words, on the issue of liability a material fact was unresolved.

■ Defendant also argues that if we find that it was error to grant a partial summary judgment, then plaintiff is not entitled to a new trial. Defendant reasons that,

> "since the summary judgment was nevertheless fully tried and since the trial judge announced that he would decide for defendant if [it was] not for the summary judgment, reversal by this court would not result in a further trial."[5]

---

[3] The bookkeeper's testimony was:

"Q Let me clarify my question. We know that after you got to work there in '68 that the company did pay as they went along, to some extent, on the commission.

"A As he could.

"Q Using that same formula, if there was a formula used by the company at that point, was there a time after '72 that they had the money available under the same formula to go ahead and pay?

"A No.

"Q Was there a formula that the company used in determining whether or not they did have enough money to pay these back commissions?

"A When we did pay, it is when we would have everything, all the bills paid, and the union paid, and all the accounts payable, and if there would be money, we would decide to pay commissions, and we would pay commissions.

"Q So, you tried to make sure all your bills were covered.

"A Oh, yes.

"Q And if you had money left over, then you would use some of that to pay the commissions.

"A Yes."

[4] See note 1, *supra.*

[5] After the issue on damages was tried by the court without a jury, the trial judge observed:

We disagree. The trial judge believed that he was bound by the interlocutory determination by the presiding judge that a commission was owing. Therefore, at trial, the only remaining issue was the amount of damages. Whether plaintiff was entitled to a commission or a bonus had been decided and was not an issue at trial.

It was error to grant partial summary judgment on the issue of liability and the action must be retried.

Reversed and remanded.

---

"THE COURT: Judge Crookham has entered a judgment to the effect that there is a commission owing. You have a judgment to that effect. All that's to be done is to determine the amount. * * *

"I might say if I had to decide the entire case, I think I would conclude as follows: I would think that this was a bonus arrangement payable depending on the profitability of the company, and that the amount of the bonus was calculated by taking two percent of each individual's net sales. But that is not expressed. It's called a commission, and it's not really a commission. Judge Crookham has complicated the matter by entering a judgment that a commission is owing. He had made a determination that this was not a bonus, as I would reason, but that it is a commission, and I don't think I can set aside Judge Crookham's judgment. I think I ought to make a finding of what is owing. In other words, the amount of money that you're talking about here is, in fact, a commission, not a bonus contingent on the profitability of the company."