Argued and submitted July 20, 1983, affirmed in part, reversed in part and remanded
April 11, 1984

ALLSTATE INSURANCE COMPANY,
*Appellant - Cross-Respondent,*

*v.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY et al,
*Respondents,*

*and*

WILSON et al,
*Respondents - Cross-Appellants.*

(A7902-00958; CA A24182)

679 P2d 879

Frank M. Parisi, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were James H. Clarke, Robert E. Maloney, Jr., and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Thomas Sauberli, Portland, argued the cause for respondents State Farm, Maples, Hass and Moore. With him on the brief was Vergeer, Roehr & Sweek, Portland.

Gordon W. Stewart, Madras, argued the cause for respondents - cross-appellants Wilson. With him on the briefs was Shepard & Stewart, Madras.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Allstate Insurance Company (Allstate) appeals from a judgment entered by the trial court, finding liability coverage for Kermit Wilson under a policy issued by Allstate to his parents Ruth and George Wilson. The Wilsons cross-appeal from the trial court's finding of no collision coverage in the same judgment. We affirm on the appeal and reverse on the cross-appeal.

Allstate issued a policy to Ruth and George Wilson, the named insureds, in 1974. The policy, set out in relevant part in the margin,[1] covered several automobiles, including a

---

[1] The policy included the following provisions relevant to the issues raised here.

*"The following persons are insured under this Part.*

"1. The named insured with respect to the owned or a non-owned automobile, provided the use of such non-owned automobile is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission;

"2. Any resident of the named insured's household with respect to the owned automobile;

"3. Any other person with respect to the owned automobile, provided the use thereof is with the permission of the named insured and within the scope of such permission;

"4. Any relative with respect to a non-owned private passenger automobile or trailer not regularly furnished for use of such relative, provided the use by such relative is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission; and

"5. Any other person or organization, but only with respect to his or its liability because of acts or omissions by a person who is insured under any of the four preceding paragraphs; provided the automobile, if a non-owned automobile, is not owned or hired by such other person or organization.

*"Definitions of words used under this Part.*

"1. *Persons Insured*

"(a) *'insured'* means any person or organization listed as insured in this Part;

"(b) *'named insured'* means the individual named in the declarations, and his spouse if a resident of the same household, and

"(c) *'relative'* means a relative of the named insured who is a resident of the same household.

"2. *Automobiles Covered*

"* * * * *

"(b) *'owned automobile'* means the vehicle described in the declarations, and, as defined herein, any replacement automobile, any additional

1975 Datsun pickup jointly owned by George and Kermit. At the time the policy was issued, Kermit lived with the named insureds.

In July, 1976, Kermit permanently moved out of the named insureds' household. Two years later, he signed a contract with an auto dealership to trade in the 1975 Datsun pickup for a 1978 Chevrolet pickup. Because he could not purchase the Chevrolet without a loan and he could not get a loan without insurance, Kermit contacted an Allstate agent. Because Kermit had a poor driving record, the agent declined to write him a policy of his own, but when Kermit produced an insurance card identifying his father as a named insured and told the agent the Chevrolet was going to replace the 1975 Datsun pickup listed on the policy, the agent completed and sent in the appropriate change request form. The agent later confirmed coverage with the auto dealership, and the dealership in turn verified coverage with GMAC, which financed the loan. Less than a month later, Kermit had an accident in the Chevrolet, injuring Maples, Hass and Moore.

Allstate brought this action for reformation or rescission of the change request and a declaration that Kermit was

---

automobile, any temporary substitute automobile, and any trailer owned by the named insured; however, this definition shall not apply under any coverage unless a premium is charged for the application of such coverage with respect to such vehicle;

"(c) *'replacement automobile'* means a private passenger or utility automobile of which the named insured acquires ownership during the policy period, provided it replaces the owned automobile; if no expiration date is stated in the declarations, policy period means the period of time stated on the premium statement which is current at the time of the acquisition of the automobile;

"(d) *'additional automobile'* means an additional private passenger or utility automobile of which the named insured acquires ownership during the policy period provided Allstate at the time of acquisition specifically insures all other private passenger and utility automobiles owned by the named insured, and further provided notice of its delivery be given to Allstate within 60 days after such acquisition and any additional premium be paid by the named insured;

"* * * * *

"(f) *'non-owned automobile'* means an automobile, including a trailer, not owned by, or furnished or available for the regular use of, the named insured or any resident of his household other than a temporary substitute automobile, provided the use thereof is with the permission of the owner.

"* * * * *"

not covered under his parents' policy. It named as defendants Ruth, George and Kermit Wilson, Maples, Hass and Moore, as well as State Farm Mutual Automobile Company, which provides personal injury protection and uninsured motorist coverage for Maples, Hass and Moore. All defendants entered a general denial, and the Wilsons alleged affirmatively waiver and estoppel and counterclaimed for collision damages and attorney fees.

The trial court entered judgment, declaring that the policy issued to George and Ruth Wilson covers any liability of Kermit to persons injured in the accident and dismissing Allstate's rescission and reformation counts and defendants Wilsons' counterclaim for collision coverage. Because the court found coverage under the policy, defendants' affirmative claims for coverage by reason of waiver or estoppel were declared moot.

Allstate claims that the trial court erred in concluding that Kermit was covered under the Wilsons' policy, because the vehicle was an "owned vehicle." We conclude as a matter of law that Kermit could not have been covered under the terms of the Wilsons' policy. He was not a named insured or a resident relative of the named insureds' household. The Chevrolet was not an "owned" or "replacement" automobile; and there was no collision coverage, because the named insureds had no ownership interest in it. When the terms of an insurance policy are not ambiguous, we apply those terms and will not create coverage where none was intended by the contract. *See Western Fire Insurance Co. v. Wallis,* 289 Or 303, 308, 613 P2d 36 (1980).

In the alternative, the Wilsons assert that Allstate is estopped[2] by its representations from denying Kermit liability and collision coverage and that the trial court erred in concluding that the estoppel issue was moot.[3] The Wilsons' claim of estoppel was considered in the trial to the court as an "equitable proceeding" and submitted to an advisory jury which rendered a verdict on the claim in favor of the Wilsons.

---

[2] Defendants also claimed waiver, but we need not reach this issue in light of our disposition of the case.

[3] When respondents seek to sustain a judgment on grounds not relied on by the trial court, a cross-appeal is unnecessary. *Artman v. Ray,* 263 Or 529, 533, 501 P2d 63, 502 P2d 1376 (1972).

Because estoppel is equitable in nature, we review this assignment of error *de novo.*

■        An insurer may be estopped from denying coverage when the party claiming coverage has acted in reasonable reliance on an agent's representation of coverage that is not patently absurd. *Farley v. United Pacific Ins. Co.,* 269 Or 549, 525 P2d 1003 (1974), where the agent represented that an insurance policy would provide specific coverage, although the policy itself did not provide the desired coverage. The court concluded that the insured was entitled to rely on the agent's representation and that the insurance company was estopped from asserting a contrary interpretation of the policy.

■        In this case, the insurance agent accepted the change request form and confirmed coverage to the dealer in the usual manner. The parties disagree whether the agent told Kermit that a named insured must be co-owner of the Chevrolet for there to be coverage under the terms of the policy. Although neither of Kermit's parents was on the title to the new Chevrolet, the trial court specifically found that Kermit made no misrepresentation to the agent to cause the substitution of vehicles on the policy. A review of the evidence supports the finding that Kermit did not represent that the Chevrolet was jointly owned by his parents and himself or misrepresent his place of residence. We accept that finding. The agent testified that he was aware that George Wilson's address was in Madras and that Kermit lived in Beaverton, listing a local phone number. Kermit was aware that GMAC would not make the loan without being notified of insurance coverage and was informed by the agent in a phone call to his sister that "everything was fine and that GMAC had been notified that [he] was insured under Allstate." Because we find that Kermit reasonably relied on the agent's representation that he was covered by Allstate, we affirm the trial court's judgment, although for a different reason.

■        Cross-appellants claim that the trial court erred in denying collision coverage and attorney fees under their counterclaim. We agree. The Wilsons' policy included collision coverage, and Kermit is entitled to whatever coverage he would have had had he been covered under his parents' policy. Attorney fees on the counterclaim are recoverable under ORS 743.114. *See Farley v. United Pacific Ins. Co., supra.*

Affirmed on appeal; reversed on cross-appeal; and remanded for a determination of attorney fees.