Argued and submitted December 15, 1986, reversed and remanded August 26, 1987

SHISLER et al,
*Respondents - Cross-Appellants,*

*v.*

FIREMAN'S FUND INSURANCE COMPANY,
*Appellant - Cross-Respondent.*

(A8404-02413; CA A37033)

741 P2d 529

Patrick N. Rothwell, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Hallmark, Griffith & Keating, Portland.

Mary Ellen Farr, Portland, argued the cause for respondents - cross-appellants. On the brief were Margaret H. Leek Leiberan and Kell, Alterman & Runstein, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiffs brought this declaratory judgment action against their insurer. On cross-motions for summary judgment, the trial court ruled that plaintiffs are entitled to $10,000 in underinsurance benefits and that defendant is entitled to reimbursement of Personal Injury Protection (PIP) benefits that it had paid to plaintiffs. After trial, the court awarded plaintiff $6,500 as reasonable attorney fees. Defendant appeals, and plaintiffs cross-appeal. The primary issues are: (1) whether plaintiffs' insurance policy entitles them to underinsurance benefits when the tortfeasor's liability policy limits are the same as plaintiffs' underinsurance coverage limits; (2) if not, whether defendant is estopped to deny that plaintiffs are entitled to underinsurance benefits; and (3) whether defendant is entitled to recover from plaintiffs' settlement with the tortfeasors' insurer the amount that defendant paid to plaintiffs in PIP benefits.

In 1981, plaintiffs suffered injuries which allegedly caused damages in excess of $50,000 when their vehicle was rear-ended by Hall. Plaintiffs were insured by defendant, and their policy included PIP benefits and underinsurance coverage of $50,000. Defendant paid plaintiffs $11,342.89 in PIP benefits and notified them that it would seek reimbursement of those benefits from Hall's insurer.

Hall was insured by Farmers Insurance (Farmers). His policy includes $50,000 in liability coverage. Farmers paid $10,000 to an injured individual who is not involved in this action. Plaintiffs settled with Farmers for the remaining $40,000. Of that amount, plaintiffs received $28,657.11 at the time of settlement. Pursuant to an agreement with defendant, the remaining $11,342.89, equal to the PIP benefits paid by defendant, was placed in escrow. Plaintiffs then filed this action for a declaration that they are entitled to the funds in escrow, and that the full $50,000 of underinsurance coverage under their policy applies and is available to them.

The parties filed cross-motions for summary judgment. The trial court granted a partial summary judgment to defendant, holding that it is entitled to recover the PIP benefits from plaintiffs' settlement with Farmers. The court also granted a partial summary judgment to plaintiffs, holding that

they are entitled to the limits of their underinsurance coverage, less the PIP benefits paid and less plaintiffs' net recovery from the settlement with Farmers. The upshot of that holding is that plaintiffs are entitled to $10,000 in underinsurance benefits. After trial, a final judgment was entered which incorporated the rulings on the motions for summary judgment and awarded plaintiffs $6,500 as reasonable attorney fees on their claim for underinsurance benefits. Except for the issue concerning plaintiffs' entitlement to attorney fees, the assignments of error on the appeal and the cross-appeal arise out of the partial summary judgments. We reverse on the appeal and the cross-appeal.

■   Defendant's first assignment of error is that the trial court erred in holding that plaintiffs are entitled to recover $10,000 in underinsurance benefits under the provisions of their policy. Defendant argues that underinsurance coverage is not available, because the tortfeasor was not driving an underinsured motor vehicle. At oral argument, the parties correctly agreed that there is no applicable statute[1] and that the issue is governed solely by the terms of the policy. The construction of an unambiguous contract, including an insurance contract, is a question of law for the court. *Timberline Equip. v. St. Paul Fire and Mar. Ins.,* 281 Or 639, 643, 576 P2d 1244 (1978).

The policy provides:

"We will pay damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle * * *. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle. * * * 'Underinsured motor vehicle' means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage."

The contract is unambiguous. Underinsurance coverage is available to plaintiffs only if Hall's liability coverage is less than the underinsured coverage limits in plaintiffs' policy. Because it is undisputed that Hall's liability coverage was the

---

[1] ORS 743.789(2) did not take effect until after the date of the accident.

same as, and not less than, plaintiffs' underinsured coverage, he was not driving an "underinsured motor vehicle" at the time of the accident. For that reason, the trial court erred in holding that plaintiffs' policy's underinsurance provisions apply.

■ Defendant next argues that the trial court erred in awarding attorney fees on the underinsured motorist claim. ORS 743.114 provides, in part:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

Because we reverse the award of underinsured benefits, plaintiffs' recovery on the policy (that is, none) does not exceed the amount of any tender made by defendant (that is, none), at this stage of the case. Therefore, the attorney fees award must also be reversed.

We turn to the cross-appeal. Plaintiffs' first two assignments of error involve the trial court's ruling that the underinsurance benefits should be reduced by the amount that plaintiffs received from the tortfeasor's liability policy. Plaintiffs argue that defendant is estopped to deny that $50,000 in underinsurance coverage is available to them, because defendant's agent represented to Mahlin Shisler that the coverage was in addition to the tortfeasor's coverage. Defendant contends that we cannot reach the issue, because it is unreviewable and because plaintiffs did not plead estoppel, and that, in any event, plaintiffs have failed to establish an estoppel.

■ Plaintiffs raise the estoppel issue by assigning error to the partial denial of their motion for summary judgment and to the partial allowance of defendant's motion. The denial of a motion for summary judgment is not reviewable[2] in an

---

[2] There is a distinction between reviewability and appealability. Orders granting or denying summary judgment are not appealable. *See Cenci v. The Ellison Company,* 289 Or 603, 617 P2d 254 (1980); *Hoy v. Jackson,* 26 Or App 895, 554 P2d 561, *rev den* 276 Or 735 (1976).

appeal from a judgment entered after trial, if the denial is based on the existence of questions of fact and the moving party does not claim "that it must win under the law no matter what the facts may show." *Payless Drug Stores v. Brown,* 300 Or 243, 246, 708 P2d 1143 (1985); *Mt. Fir Lumber Co. v. Temple Dist. Co.,* 70 Or App 192, 198, 688 P2d 1378 (1984). However, issues determined by an interlocutory order granting summary judgment are reviewable after a final judgment has been entered. *See Port v. Campbell-Norquist, Inc.,* 57 Or App 408, 410 n 2, 644 P2d 659 (1982); *Thunderbird Motel v. City of Portland,* 40 Or App 697, 702, 596 P2d 994, *rev den* 287 Or 409 (1979). Defendant argues that the estoppel claim was not determined by defendant's summary judgment. We disagree. The claim was clearly before the court, because it was the sole issue raised by plaintiffs' supplemental memorandum in support of their motion for summary judgment. The trial court could not properly grant defendant's cross-motion for summary judgment without ruling adversely to plaintiffs on the estoppel claim. Thus, the trial court impliedly rejected the estoppel claim when it granted defendant's cross-motion.

■ Defendant also argues that we should not consider the issue, because plaintiffs did not plead estoppel. Defendant cites *Hill v. Oland,* 61 Or App 85, 88, 655 P2d 1088 (1982), where we held that we will not consider an estoppel claim if it was not pleaded, so long as an objection to consideration of the issue was raised at trial:

> "The dissent would have us decide this case on an estoppel theory on appeal, even though plaintiffs failed to plead facts out of which an estoppel might have arisen, by relying on language in *Rose v. Webster,* 51 Or App 293, 297, 625 P2d 1329 (1981). The rule as stated in *Rose* is that an objection that evidence supporting a particular theory was outside the scope of the pleadings will not be entertained *for the first time on appeal,* except in instances where it appears that the appellant has been prejudiced. The objection in this case was made at trial, before entry of judgment." 61 Or App at 88. (Emphasis in original.)

In the present case, the record does not show that defendant objected below to the estoppel argument; it appears instead that defendant objects for the first time on appeal. *Hill* therefore does not apply. We turn to the merits.

■■ An insurer may be estopped to deny coverage when

the party claiming coverage has acted in reasonable reliance on an agent's representation of coverage that is not patently absurd. *Allstate Ins. v. State Farm Ins.,* 67 Or App 623, 628, 679 P2d 879 (1984). To establish estoppel, plaintiffs must prove (1) that defendant made a false representation to plaintiffs, (2) that defendant knew the facts, (3) that plaintiffs were ignorant of the truth, (4) that the statement was made with the intention that plaintiffs act upon it and (5) that plaintiffs did act upon it. *See Paulson v. Western Life Insurance Co.,* 292 Or 38, 52, 636 P2d 935 (1981).

■          At a minimum, the Shislers' depositions[3] raise a question of fact as to each element of estoppel. First, Mahlin Shisler stated that Smith, defendant's agent, told him that the underinsurance provisions were available if the tortfeasor's insurance did not cover their injuries. That statement was false if the tortfeasor's liability limits were equal to or exceeded $50,000. In addition, Shisler testified that Smith gave him the following example:

> "If the other person carries $100,000 and your damages or your personal injury exceeds that of what his policy is, you can come back to your own insurance company for compensation."

Under the policy language, the underinsurance provisions would not be available to plaintiffs in such a situation, because the tortfeasor's $100,000 liability limits would exceed plaintiffs' $50,000 limits. Second, defendant knew the facts when its agent made the representations. Third, Shisler testified that he had never heard of underinsurance coverage before and called Smith to find out about it. Fourth, the representation was made about a policy that the Shislers were in the process of purchasing from Smith for the first time. Finally, Shisler testified that, on the basis of Smith's explanation, he and his wife decided that underinsurance coverage "seems like a good deal" and paid the premium.

Plaintiffs having raised a question of fact as to each element of their estoppel claim, it was error to rule adversely to them at the summary judgment stage. *See* ORCP 47C.

---

[3] The depositions were taken after plaintiffs filed their motion for summary judgment and were attached to plaintiffs' supplemental memorandum in support of their motion for summary judgment.

Because defendant was not entitled to summary judgment on its cross-motion until the claim was resolved adversely to plaintiffs, it was also error to grant defendant's motion for summary judgment.

■■■ Defendant argues that the trial court did not err, because "estoppel cannot be the basis for creating an original grant of coverage where no such contract previously existed," citing *Wyoming Sawmills v. Transportation Ins. Co.,* 282 Or 401, 410, 578 P2d 1253 (1978), and *Schaffer v. Mill Owners Ins. Co.,* 242 Or 150, 156, 407 P2d 614 (1965). However, in *Paulson v. Western Life Insurance Co., supra,* the court explained:

> "Defendant is correct in the assertion that there are limitations as to the extent to which insurance coverage can be *created* by estoppel. * * * Both [*Wyoming Sawmills* and *Schaffer*] involved conduct of insurance companies after losses had occurred. * * * More specifically, both cases stand for the proposition that if, after loss has occurred, an insurer erroneously denies coverage on the basis of an exclusion, such erroneous denial does not have the effect of creating coverage beyond the terms of the insuring clauses of the policy.

> "The plaintiff's claim in this case is unlike either *Schaffer* or *Wyoming Sawmills.* In both of those cases the agreement was struck and the policy was issued. The issue was whether an insurer's conduct after the loss could create coverage by estoppel where there was no coverage under the agreement. In neither case could the insured show any prejudice or change of position after the loss, by virtue of the insurer's conduct. Here, the plaintiff is able to show that all the requirements of estoppel have been met * * *." 292 Or at 51. (Emphasis in original.)

As in *Paulson, Schaffer* and *Wyoming Sawmills* do not apply here, because plaintiffs based their estoppel claim on events which occurred before the loss.

Plaintiffs' third assignment of error is that the trial court erred in reducing the underinsurance coverage by the $11,343.82 which defendant paid plaintiffs in PIP benefits. Their sole argument is that a different result is required by our decision in *Bauder v. Farmer's Ins. Co.,* 76 Or App 41, 707 P2d 1296 (1985). Even assuming that we need to reach the issue, plaintiffs' argument lost any merit when our decision was reversed. *Bauder v. Farmer's Ins. Co.,* 301 Or 715, 725 P2d 350 (1986).

■ Plaintiffs' final assignment on the cross-appeal is that the trial court erred in holding that defendant was entitled to the proceeds of the escrow account, citing *Kessler v. Weigandt,* 299 Or 38, 699 P2d 183 (1985).[4] However, even if it was error under *Kessler* to award the proceeds to defendant, we must nonetheless affirm if there is another reason why defendant is entitled to the proceeds. *See Kinyon v. Cardon,* 69 Or App 546, 550, 686 P2d 1048, *rev den* 298 Or 427 (1984). There is.

Defendant's motion for summary judgment states:

"Defendant moves under ORCP 47 for summary judgment as there are no material issues of fact and defendant is entitled to judgment as a matter of law because:

"(1) *Under the terms of plaintiffs' policy,* by statute and by agreement between the parties, *defendant is entitled to PIP reimbursement in the amount of $11,342.89."* (Emphasis supplied.)

The PIP endorsement in plaintiffs' policy provides that defendant

"is entitled to the proceeds of any settlement * * * that may result from the exercise of any rights of recovery of the injured person against any person or organization legally responsible for the accident, to the extent benefits were paid * * *."

In the settlement agreement, defendant specifically reserved its rights under the policy. The settlement resulted from plaintiffs' exercise of their rights against Hall, who was legally responsible for the accident. The clause unambiguously entitles defendant to the proceeds of the escrow account. We therefore affirm the trial court's disposition of the proceeds.

On the appeal and the cross-appeal, reversed and remanded for further proceedings not inconsistent with this opinion.

---

[4] Defendant argues that this issue is unreviewable. We disagree. Plaintiffs raise it by assigning error to the trial court's denial of their motion for summary judgment and to the allowance of defendant's motion. Even if the denial of plaintiffs' motion for summary judgment is not reviewable, the issue was determined by the summary judgment for defendant. We therefore reach it. *See Port v. Campbell-Norquist, Inc., supra.*