**SPRING VEGETABLE COMPANY (formerly known as SPADA Distributing Company, Inc.), an Oregon corporation; and George Spada, Plaintiffs,**

**v.**

**HARTFORD CASUALTY INSURANCE COMPANY, a Connecticut corporation; and Hartford Accident and Indemnity Company, a Connecticut corporation, Defendants.**

**Civ. No. 90–1319–FR.**

United States District Court, D. Oregon.

July 31, 1992.

---

Mark C. McClanahan, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for plaintiffs.

Richard A. Lee, Bodyfelt Mount Stroup & Chamberlain, Portland, Or., for defendants.

## AMENDED OPINION

FRYE, Judge:

The matter before the court is plaintiffs' request for modification (# 78). That motion is granted in part. The opinion and order of the court filed April 30, 1992 granting in part and denying in part defen-

dants' motion for summary judgment (# 21) are vacated. The opinion is modified as follows.

This is an action for declaratory relief brought by plaintiffs, Spring Vegetable Company and George Spada, against defendants, Hartford Casualty Insurance Company (Hartford Casualty) and Hartford Accident and Indemnity Company (Hartford Accident). Spring Vegetable Company and Spada seek a declaration that Hartford Casualty and Hartford Accident were required to defend them in a civil action filed against them in the State of Washington. Spring Vegetable Company also seeks a declaration that Hartford Casualty and Hartford Accident are required to indemnify it in the judgment resulting from this action.

## UNDISPUTED FACTS

Spring Vegetable Company, formerly known as Spada Distributing Company,[1] is an Oregon corporation. Until the spring of 1987, Spring Vegetable Company operated a potato processing plant in Pasco, Washington, where it acted as a commission merchant for vegetable growers. As a commission merchant, Spring Vegetable Company received, cleaned, packed, sold and shipped potatoes on behalf of growers. When the potatoes were sold, the growers would pay to Spring Vegetable Company a fee or commission. Spring Vegetable Company also purchased potatoes directly from growers for resale. Spada served as an officer, president and director of Spring Vegetable Company.

Hartford Casualty and Hartford Accident are Connecticut corporations engaged in the business of providing insurance coverage. During all times relevant to this litigation, Hartford Casualty issued insurance policies to Spring Vegetable Company providing "primary" comprehensive general liability insurance coverage and "umbrella" or excess insurance coverage (collectively, the Hartford policies). The Hart-

1. For the sake of clarity, Spada Distributing Company is referred to throughout this opinion as Spring Vegetable Company.

ford policies were issued to Spring Vegetable Company through Alexander & Alexander, Inc., an authorized agent of Hartford Casualty and Hartford Accident.

In September, 1986, Spring Vegetable Company entered into a contract with Don Watts to market potatoes grown by Watts. After Spring Vegetable Company took possession of the potatoes, it received complaints about the quality and condition of the potatoes. Spring Vegetable Company determined that some of the potatoes were of a grade lower than the parties originally contemplated, and that others were not marketable at all. Spring Vegetable Company offered Watts approximately $28 per ton for the potatoes which was a price that reflected the quality and condition of the potatoes. Watts rejected this offer on the grounds that Spring Vegetable Company had guaranteed to pay him $65 per ton for the potatoes.

The parties could not reach an agreement, and in January, 1987, Watts filed an action against Spring Vegetable Company in the Franklin County Superior Court in the State of Washington alleging that Spring Vegetable Company had guaranteed a return of $65 per ton for the potatoes, and that, as a result, he was owed $160,-465. Watts did not allege that the potatoes were defective. Watts also sought attorneys fees and treble damages under the Washington Consumer Protection Act. In June 1987, Spada held a series of discussions with a representative of Alexander & Alexander, Inc. regarding possible insurance coverage for the dispute over Watts' potatoes. On December 2, 1987, Watts filed an amended complaint. In the amended complaint, Watts joined George Spada and Travelers Indemnity Company as defendants. In the amended complaint, Watts did not allege that the potatoes were defective.

In their answers to the amended complaint, Spring Vegetable Company and Spada alleged that the potatoes they had purchased had developed a condition known as "soft rot" while they were in storage awaiting delivery to third-party purchasers, and this was one reason why they could not fulfill their guarantee of $65 per ton for the potatoes.

Spring Vegetable Company and Spada notified Alexander & Alexander, Inc. orally on July 5, 1988 of the underlying action as well as the contention of Spada that Watts' potatoes were defective because of the way in which they had been grown by Watts.

The action was removed to federal court and assigned to the Honorable Alan A. McDonald, United States District Judge. Trial commenced in the underlying action on May 1, 1989. At the close of trial on May 4, 1989, Judge McDonald ruled orally in favor of Watts and against Spring Vegetable Company and Spada.

On May 17, 1989, Spada notified Alexander & Alexander, Inc. in a letter sent via facsimile transmission that both he and Spring Vegetable Company had been found negligent in the running of Watts' potatoes in the underlying action.

On June 6, 1989, trial counsel for Spring Vegetable Company and Spada sent a letter to Alexander & Alexander, Inc., which contained a copy of the amended complaint in the underlying action. Thereafter, the attorney for Spring Vegetable Company and Spada provided oral descriptions of the underlying action to Alexander & Alexander, Inc.

On July 6, 1989, a claim supervisor for Hartford Casualty and Hartford Accident telephoned the attorney for Spring Vegetable Company and Spada to discuss the underlying action.

On August 23, 1989, Judge McDonald entered Findings of Fact and Conclusions of Law. Judge McDonald found:

> The digging, hauling, handling, storage and transporting of plaintiff's potatoes was the corporate act of Spada Distributing Company, Inc. and its agents.
>
> . . . .
>
> Plaintiff's potatoes were not inherently defective, but were negligently handled by Spada or its agents. Accordingly, the risk of loss associated with the claimed defects rests solely with the defendant Spada.

*Watts v. Spada Distrib. Co.*, No. C–88–006–AAM, p. 11 (E.D.Wash. Aug 23, 1989) (Findings of Fact and Conclusions of Law).

An amended judgment was entered on March 27, 1990. In the amended judgment, the court found in favor of Watts and against Spring Vegetable Company and Spada in the sum of $109,805.40. Spring Vegetable Company and Spada appealed to the United States Court of Appeals for the Ninth Circuit. Watts cross-appealed the denial of his claim for attorneys fees and treble damages under the Washington Consumer Protection Act.

On December 19, 1989, the attorney for Spring Vegetable Company and Spada provided several documents regarding the underlying action at the request of the claim supervisor for Hartford Casualty and Hartford Accident.

On June 17, 1991, the Court of Appeals (1) affirmed the judgment against Spring Vegetable Company, (2) reversed the judgment against Spada, and (3) rejected the appeal of Watts for attorneys fees and treble damages under the Washington Consumer Protection Act. *Watts v. Spada Distrib. Co.*, 935 F.2d 277 (9th Cir.1991) (memorandum decision).

On August 30, 1990, following further correspondence, Hartford Casualty and Hartford Accident denied coverage for Spring Vegetable Company and Spada through a letter from its attorney.

On December 14, 1990, Spring Vegetable Company and Spada filed the complaint in this action for declaratory relief.

## CONTENTIONS OF THE PARTIES

Hartford Casualty and Hartford Accident (hereinafter, Hartford) move the court for summary judgment on the grounds (1) that it had no duty to defend Spring Vegetable Company and Spada against the claims made in the complaint and the amended complaint; (2) that, at the earliest, it had a duty to defend Spring Vegetable Company and Spada beginning on December 19, 1989 when it received the pretrial order in the underlying action; (3) that it had no duty to defend Spring Vegetable Company and Spada from claims made in the pretrial order; and (4) that it has no obligation to indemnify Spring Vegetable Company for the judgment entered against it.

Spring Vegetable Company and Spada contend (1) that Hartford had a duty to defend them immediately upon receipt of notice of the underlying action; (2) that, at the latest, Hartford had a duty to defend them on May 17, 1989 when Hartford received notice that Spring Vegetable Company and Spada had been found negligent in causing damage to Watts' potatoes; (3) that Hartford has waived or is estopped from invoking certain exclusions to the Hartford policies; and (4) that, even if Hartford has not waived these exclusions, they are not applicable here.

## APPLICABLE STANDARD

Summary judgment will be entered where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

"Construction of an insurance policy and interpretation of unambiguous language in the policy are questions of law." *Hoffman Constr. Co. v. Fred S. James & Co.*, 106 Or.App. 329, 332, 807 P.2d 808, 810, *rev. granted*, 311 Or. 643, 815 P.2d 1273 (1991). "When 'an insurance contract is unambiguous as to coverage, summary judgment on the issue of liability is not ... error because there are no issues of fact as to that question.'" *Pickell v. Oregon Mut. Ins. Co.*, 109 Or.App. 439, 442, 819 P.2d 764, 765 (1991) (quoting *Adams v. Northwest Farm Bureau Ins. Co.*, 40 Or.App. 159, 164, 594 P.2d 1256, 1258, *rev. denied*, 287 Or. 123 (1979)), *rev. denied*, 312 Or. 588, 824 P.2d 417 (1992).

## ANALYSIS AND RULING

### Applicable Law

Although plaintiffs seek federal declaratory relief, jurisdiction rests on diversity of citizenship. *See Ticor Title Ins. Co. v. American Resources, Ltd.,* 859 F.2d 772, 773 (9th Cir.1988). The court, therefore, applies the law of the appropriate state. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Martinez v. Asarco, Inc.,* 918 F.2d 1467, 1470 (9th Cir.1990). The parties have substantial ties to the State of Oregon. Spada is a resident of the State of Oregon. Spring Vegetable Company is an Oregon corporation. The Hartford policies were sold to Spring Vegetable Company through an Oregon broker, Alexander & Alexander, Inc., in the State of Oregon. Moreover, the State of Oregon has a substantial interest in the enforcement of contracts entered into in the State of Oregon to which its citizens are parties. *See Straight Grain Builders v. Track N' Trail,* 93 Or.App. 86, 91, 760 P.2d 1350, 1351, *rev. denied,* 307 Or. 246, 767 P.2d 76 (1988). Accordingly, the court will apply the law of the State of Oregon.

### Duty to Defend

Under Oregon law, "[t]he obligation of an insurer to defend and the obligation to pay all or part of a judgment against the insured are separate matters." *Paxton–Mitchell Co. v. Royal Indem. Co.,* 279 Or. 607, 610, 569 P.2d 581, 583 (1977). "Whether the insurer is required to defend an action brought against its insured depends upon whether it is possible under the complaint to impose liability for conduct or damage covered by the policy." *Id.* at 610–11, 596 P.2d at 583–84. Oregon courts apply a rule of liberal construction to complaints such that, even if on the face of a complaint, the litigant alleges only conduct excluded from coverage, the insurer has a duty to defend so long as the complaint, without amendment, could reasonably be interpreted to impose liability for conduct covered by the policy. *Ferguson v. Birmingham Fire Ins. Co.,* 254 Or. 496, 507, 460 P.2d 342, 347 (1969). "The insurer's

knowledge of facts not alleged in the complaint is irrelevant in determining the existence of the duty to defend and consequently the insurer need not speculate as to what the 'actual facts' of the alleged occurrence may be." *Id.* at 505–06, 460 P.2d at 346. To invoke the insurer's duty to defend, the insured must provide a copy of the relevant pleading to the insurer. *Oregon Ins. Guar. Ass'n v. Thompson,* 93 Or.App. 5, 11, 760 P.2d 890, 893 (1988), *rev. denied,* 307 Or. 303, 767 P.2d 443 (1989). The duty to defend an action is broader than the duty to pay the judgment. *School Dist. No. 1 v. Mission Ins. Co.,* 58 Or.App. 692, 696, 650 P.2d 929, 933 (1982), *rev. denied,* 294 Or. 682, 662 P.2d 725 (1983).

In his complaint, Watts alleged that Spring Vegetable Company had guaranteed to him a return of $65 per ton for the potatoes; that Spring Vegetable Company had instead proffered $28 per ton; and that, as a result, $160,465 was owing to him. This claim alleged by Watts is a claim for breach of contract to which Hartford would have no duty to defend under the terms of the Hartford policies. Therefore, the court finds that Hartford had no duty to defend Spring Vegetable Company and Spada upon notice of Watts' complaint because, as a matter of law, there was no possibility for coverage of the claims stated therein.

However, during the trial of the underlying action, Watts contended that, if the potatoes were damaged, it was the fault of Spring Vegetable Company. This contention raised a factual issue as to whether the Hartford policies provided coverage for Watts' claim, because certain claims for property damage are covered by the Hartford policies.

Judge McDonald ruled against Spring Vegetable Company following the close of evidence. Spada notified Alexander & Alexander, Inc. of this ruling by letter sent via facsimile transmission on May 17, 1989. Spring Vegetable Company and Spada contend that, even if Hartford had no duty to defend them upon receipt of the complaint, Hartford had a duty to de-

fend them as of May 17, 1989 when Spada notified Alexander & Alexander, Inc., via letter, that both he and Spring Vegetable Company had been found negligent in the underlying action. Hartford argues that the letter was insufficient as notice because, under the laws of the State of Oregon, an insured is required to submit to its insurer a copy of a relevant pleading. While under the laws of the State of Oregon, an insured is generally required to submit a pleading to its insurer, *Oregon Ins. Guar. Ass'n,* 93 Or.App. at 11, 760 P.2d at 893, here, there was no applicable pleading available. Under the facts and circumstances of this case, where relevant information had been provided earlier relating to the cause of action and where the possibility of coverage arose from an *oral* ruling, the court finds that notice was adequate to invoke the insurer's duty to defend.

Accordingly, the court finds that Hartford's motion for summary judgment as to the issue of its duty to defend is granted in part. Hartford had no duty to defend Spring Vegetable Company or Spada prior to May 17, 1989.

### Duty to Indemnify

Whether Hartford has a duty to indemnify Spring Vegetable Company "depends on whether the evidence at trial shows that the judgment was entered on a covered claim." *Mutual of Enumclaw Ins. Co. v. Gass,* 100 Or.App. 424, 428, 786 P.2d 749, 751, *rev. denied,* 310 Or. 70, 792 P.2d 104 (1990).

Hartford contends that it is under no obligation to indemnify Spring Vegetable Company for the judgment entered against it in the underlying action because the judgment falls within the following exclusions in the Hartford policies:

**Exclusions**

This insurance does not apply:

\* \* \* \* \* \*

(n) to *property damage* to the *named insured's products* arising out of such products or any part of such products;

Pretrial Order Exhibits, Exh. A, p. 4 (primary policy) (emphasis in the policy).

**EXCLUSIONS**

This insurance does not apply:

\* \* \* \* \* \*

H. to property damage to:

(1) the **named insured's products** or premises alienated by the **named insured** if the **property damage** arises out of such products or premises or any part of such products or premises.

Pretrial Order Exhibits, Exh. B, p. 5 (umbrella policy) (emphasis in the policy). These exclusions (hereinafter, the "injury to product exclusions") are typical of those used in the insurance industry. *See* Long, *Law of Liability Insurance,* § 11.09[2] (1991).

Spring Vegetable Company contends that the injury to product exclusions do not relieve Hartford of its duty to indemnify. First, Spring Vegetable Company contends that Hartford either has waived or should be estopped from asserting these exclusions because Hartford originally denied coverage on other grounds. Next, Spring Vegetable Company contends that Hartford is estopped from relying on the injury to product exclusions because agents of Hartford allegedly characterized the Hartford policies as providing coverage for claims such as the claim made in the underlying action. Finally, Spring Vegetable Company contends that the injury to product exclusions do not apply to damage to the potatoes.

Under the laws of the State of Oregon, an estoppel cannot be invoked by an insured to create insurance coverage where none exists under the policy. *ABCD ... Vision, Inc. v. Fireman's Fund Ins. Cos.,* 304 Or. 301, 307, 744 P.2d 998, 1001 (1987). Although Spring Vegetable Company argues that *ABCD ... Vision, Inc.* is limited to the issue of estoppel, the Supreme Court has stated the same rule applies as to the issue of waiver. *Schaffer v. Mill Owners Mut. Ins. Co.,* 242 Or. 150, 156, 407 P.2d 614, 617 (1965); *see also Ins. Co. of N. Am. v. Coffman,* 52 Md.App. 732, 742–43, 451 A.2d 952, 957 (1982); *Albert J. Schiff Assocs., Inc. v. Flack,* 51 N.Y.2d

692, 698, 435 N.Y.S.2d 972, 975, 417 N.E.2d 84 (1980). Hartford has neither waived, nor is it estopped from, invoking the injury to products exclusions because it denied coverage earlier on other grounds.

Spring Vegetable Company next contends that Hartford should be estopped from invoking the injury to product exclusions because these exclusions were not set out in the description of the Hartford policies provided to Spada by Alexander & Alexander, Inc. Spada states that since he was not provided with a full copy of either of the Hartford policies before the damage to the potatoes occurred, the description he received from Alexander & Alexander, Inc. controls.

"An insurer may be estopped to deny coverage when the party claiming coverage has acted in reasonable reliance on an agent's representation of coverage that is not patently absurd." *Shisler v. Fireman's Fund Ins. Co.*, 87 Or.App. 109, 114–115, 741 P.2d 529, 533 (1987). Estoppel of this type is established if the insured demonstrates (1) that the agent of the insurer made a false representation to the insured; (2) that the agent of the insurer knew the actual facts; (3) that the insured was ignorant of the truth; (4) that the false representation was made with the intention that the insured rely on it; and (5) that the insured did act upon it. *Id.* at 115, 741 P.2d at 533.

Spada has submitted an affidavit in opposition to Hartford's motion for summary judgment. Spada states in his affidavit that Hartford's agent, Alexander & Alexander, Inc., provided him with a description of the Hartford policies which he was interested in purchasing. Spada states that he understood the Hartford policies to include coverage for incidents such as those in the underlying action:

> I understood from that document and those descriptions that the policy would cover liability incurred or alleged to have incurred by Distributing Company to third parties for damage to their property (which for us usually meant potatoes, onions, and other produce) if such occurred on Distributing Company's premises and during its operations; or if the activities of independent contractors were somehow attributed to Distributing Company; or if it involved products or completed operations. I also understood that Distributing Company would be covered for such property damage, even if Distributing Company's responsibility arose from the terms of a contract, whether oral or written, and that what Distributing Company would have would be "Broad Form" property damage coverage.

Plaintiffs' Affidavit No. 1, para. 2, pp. 2–3. Spada does not, however, contend that Alexander & Alexander, Inc. made any false representations about the Hartford policies. Without an allegation that a false representation was made, there can be no claim of estoppel.

Having found that Hartford is not estopped from invoking the injury to product exclusions, the court must next determine whether the injury to product exclusions apply here. The injury to product exclusions are "intended to exclude insurance for damage to the insured's product or work, but not for damage caused by the insured's products or work." Long, *Law of Liability Insurance*, § 11.09[2], pp. 11—85–86 (1991). This rule is consistent with the general goal of comprehensive general liability insurance, "which is to protect the insured from the claims of injury or damage to others, but not to insure against economic loss sustained by the insured due to repairing or replacing its own defective work or products." *Id.* at pp. 11—90–91.

As a preliminary matter, the parties dispute whether certain factual findings made by Judge McDonald are binding on this court. Spring Vegetable Company contends that these findings are not binding in this action. Hartford argues that this court is bound by the findings of Judge McDonald.

When a particular issue has been litigated, litigation of the same issue may be barred by the doctrine of issue preclusion. The doctrine of issue preclusion "precludes future litigation on a subject issue

... if the issue was 'actually litigated and determined' in a setting where 'its determination was essential to' the final decision reached." *Drews v. EBI Cos.*, 310 Or. 134, 139, 795 P.2d 531, 535 (1990) (quoting *North Clackamas School Dist. v. White*, 305 Or. 48, 53, 750 P.2d 485, *modified* 305 Or. 468, 752 P.2d 1210 (1988)). Oregon courts, however, refuse to apply the doctrine of issue preclusion in those instances where there is a conflict of interest between the insured and the insurer. *Ferguson v. Birmingham Fire Ins. Co.*, 254 Or. 496, 460 P.2d 342 (1969).

> The judgment should operate as an estoppel only where the interests of the insurer and insured in defending the original action are identical—not where there is a conflict of interests. If the judgment in the original action is not binding upon the insurer or insured in a subsequent action on the issue of coverage, there would be no conflict of interests between the insurer and the insured in the sense that the insurer could gain any advantage in the original action which would accrue to it in a subsequent action in which coverage is in issue.

*Id.*, 254 Or. at 510–11, 460 P.2d at 348–49 (footnote omitted). Therefore, if there is a conflict of interest between the insured and the insurer, the insurer may not invoke the doctrine of issue preclusion. A conflict of interest exists when the claim of the injured party against the insured is such that it could be sustained on different grounds, one of which is within the insurer's obligation to indemnify and another of which is not. Restatement (Second) of Judgments § 58(2) (1982); *Manzanita Park, Inc. v. Insurance Co. of N. Am.*, 857 F.2d 549, 552–53 (9th Cir.1988) (Arizona law).

■ Spring Vegetable Company argues that a conflict of interest did exist between it and Hartford. The court finds, however, that a conflict of interest could not have existed between Spring Vegetable Company and Hartford prior to May 17, 1989 because Hartford had no duty to defend prior to that date. Since no conflict of interest existed between Spring Vegetable Company and Hartford prior to the trial and Judge McDonald's oral ruling in the underlying action, the court finds that *Ferguson* does not act as a bar to the preclusive effect of Judge McDonald's findings in the underlying action.

■ While the doctrine of issue preclusion as a bar is generally available only to parties to the earlier litigation, it may be asserted by a litigant who was not a party to the earlier litigation when the following conditions are met: (1) there exists an identity of issue between the prior action and the action in which the doctrine of issue preclusion is raised; (2) the party against whom the doctrine of issue preclusion is sought has had a full and fair opportunity to contest the issue decided adversely to him; and (3) the exercise of the doctrine of issue preclusion will not result in unfairness. *State Farm Fire & Casualty Co. v. Century Home Components, Inc.*, 275 Or. 97, 103, 550 P.2d 1185, 1188 (1976).

■ Judge McDonald concluded that if it had not been for the improper harvesting, hauling, handling, sorting, packing or storage of the potatoes by Spring Vegetable Company or its agents, the potatoes would not have been damaged. Whether this finding is binding in this action then is determined by analyzing the factors set out in *Century Home Components*. With respect to those factors, the court finds as follows: first, an identity of issue does exist between the underlying action and this action; second, Spring Vegetable Company had a full and fair opportunity to litigate the propriety of the harvesting, hauling, handling, sorting, packing or storage of the potatoes by Spring Vegetable Company or its agents before Judge McDonald; and, finally, nothing in the record suggests that it would be unfair to hold Spring Vegetable Company to the findings made by Judge McDonald.

■ Judge McDonald concluded that either Spring Vegetable Company or its representatives were responsible for the damage to Watts' potatoes. Irrespective of whether those who removed the potatoes were independent contractors or agents of Spring Vegetable Company, once these representatives removed the potatoes from

394

Watts' farm, the potatoes became the product of the Spring Vegetable Company within the meaning of the injury to product exclusions in the Hartford policies.

In applying the undisputed facts to the exclusions at issue here, the court concludes that Hartford has no duty to indemnify Spring Vegetable Company because the judgment entered against Spring Vegetable Company falls within the injury to product exclusions in the Hartford policies. *See* Long, *Law of Liability Insurance,* § 11.09[2], pp. 11—85–86 (1991). Accordingly, Hartford is entitled to summary judgment on the issue of indemnification.

## RULING OF THE COURT

Plaintiffs' request for modification (# 78) is granted in part. The court's opinion and order filed on April 30, 1992 are vacated.

Hartford's motion for summary judgment (# 21) is granted in part and denied in part. Hartford's motion for summary judgment is granted as to the issue of indemnification. As to the issue of duty to defend, Hartford had no duty to defend Spring Vegetable Company and Spada prior to May 17, 1989; therefore, Hartford's motion for summary judgment is granted as to the defense costs incurred prior to that time. In all other respects, Hartford's motion for summary judgment is denied.