Argued and submitted May 2, affirmed November 21, 2012

Yuan CHOU, PhD,
and Siukee Tong,
as individuals,
*Plaintiffs-Respondents*,

*v.*

FARMERS INSURANCE EXCHANGE,
*Defendant-Appellant*,

*and*

Lynette M. SANDERS,
*Defendant.*

Multnomah County Circuit Court
090101378; A145931

291 P3d 784

Beth Cupani argued the cause for appellant. With her on the briefs was Maloney Lauersdorf Reiner, PC.

William J. Thrush argued the cause for respondents. With him on the brief was Marvin, Chorzempa & Larson, P.C.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

The issue in this case, arising out of plaintiffs' claim under a homeowners' insurance policy issued by defendant Farmers Insurance Exchange (Farmers), is whether the trial court erred in granting plaintiffs' motion for summary judgment on their claims for breach of contract. Farmers asserts that the loss was caused by "collapse" and the policy does not insure for losses caused by collapse. Plaintiffs argue that the trial court correctly granted their motion for summary judgment because the loss was not caused by collapse but was caused by direct physical contact by a vehicle, which is covered by the policy. Plaintiffs further argue that, to the extent the policy is ambiguous, any ambiguity should be construed against Farmers as the drafter of the policy. For the reasons that follow, we affirm.

We review a trial court's rulings on cross-motions for summary judgment for errors of law. *Stevens v. Bispham*, 316 Or 221, 223, 851 P2d 556 (1993). "In reviewing a trial court's ruling on a motion for summary judgment, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* at 223. Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. ORCP 47 C.

Just before dawn on October 8, 2008, plaintiffs woke to a cracking sound coming from outside their house. The noise was of an uphill house, including its contents and cars, sliding down an embankment into plaintiffs' home. The house and cars collided with plaintiffs' home, damaging plaintiffs' home and personal property.

Plaintiffs' homeowners' insurance policy from Farmers provided coverage for plaintiffs' property, subject to its terms, limitations, and exclusions. Plaintiffs sought payment from Farmers for the damages; Farmers denied the claim based on policy exclusions. Plaintiffs brought this civil action against Farmers alleging multiple claims for relief: breach of contract, negligence, implied covenant, intentional infliction of emotional distress, negligent misrepresentation,

and reformation. Farmers raised multiple defenses. The parties filed cross-motions for summary judgment. The trial court granted Farmers's motion to the extent any loss or damage was caused by collapse, and granted plaintiffs' motion for summary judgment on the breach of contract claim to the extent that any loss or damage was caused by direct physical contact by a vehicle because the homeowners' policy covered damage by a vehicle.[1] In its letter opinion, the trial court stated that the language of the policy is, "at the very best, *** confusing and ambiguous on this point," and should be construed in favor of plaintiffs. The breach of contract claim was then tried to a jury.

The jury found that there was actual physical contact by a vehicle (the uphill neighbor's car) that damaged plaintiffs' dwelling. The jury awarded plaintiffs damages of $40,000. In a supplemental judgment, the trial court awarded plaintiffs attorney fees under ORS 742.061. Farmers appeals both judgments.

The question presented on appeal is whether plaintiffs' loss is a loss covered under the terms of the policy issued by Farmers. The determination of the meaning of the terms of a policy of insurance presents a question of law. *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 469, 836 P2d 703 (1992); *Cain Petroleum Inc. v. Zurich American Ins. Co.*, 224 Or App 235, 241, 197 P3d 596 (2008), *rev den*, 346 Or 115 (2009). Our primary goal in interpreting insurance contracts is to ascertain the intent of the parties, based on the wording of the policy. *Cain Petroleum Inc.*, 224 Or App at 241. When the terms of an insurance policy are unambiguous, we apply those terms. *Allstate Ins. v. State Farm Ins.*, 67 Or App 623, 627, 679 P2d 879 (1984). But, if there is more than one reasonable interpretation of the policy, the policy is ambiguous and we construe the policy against the drafter. *Cain Petroleum Inc.*, 224 Or App at 241-42. We view each term in the context that the term is used in the policy and the broader context of the policy as a whole. *Hoffman Construction Co.*, 313 Or at 470.

---

[1] Judge Breithaupt was the judge on the motions for summary judgment. Judge Matarazzo was the judge at trial.

In "Section I - Loss or Damage Insured," the policy states, "We insure accidental direct physical loss or damage to that property described in Section I - Types of Property Insured." The type of property insured includes the dwelling, separate structures, and certain kinds of personal property. There is no dispute as to the meaning of that part of the policy.

Both parties rely on Section B, "Excluded Causes of Loss or Damage," to make their arguments. Section B states, in part, that,

"[e]xcept as provided in section A above, we do not insure property covered under this policy * * * for loss or damage directly or indirectly caused by, arising out of, or resulting from any of the excluded causes of loss or damage listed below * * *. Such loss or damage is not covered regardless of any * * * other events which aggravate or contribute concurrently or in any combination or sequence with the excluded cause of loss or damage."

Section B then goes on to list types of loss that are excluded from coverage under the policy.

Plaintiffs rely on paragraph 27 of Section B to argue that the loss in this case was covered. Paragraph 27 provides:

"**Aircraft or vehicles.**

"We do not insure loss or damage directly or indirectly caused by, arising out of or resulting from aircraft or vehicles unless such loss or damage is caused by or results from direct, actual physical contact by an aircraft, or any refuse from an aircraft, or a vehicle with covered property or with a building or other structure containing the covered property."

(Boldface in original.) Under this section, loss caused by a vehicle is excluded, but there is an exception to the exclusion: The policy does insure for loss or damage that is caused by or results from direct, physical contact by a vehicle. Plaintiffs argue that, because the damage to the covered property in this case was caused by direct, physical contact by the neighbor's vehicle, the policy unambiguously covers that damage.

Meanwhile, Farmers relies on paragraph 29 of Section B, which provides in pertinent part, "We do not insure

loss or damage directly or indirectly caused by, arising out of or resulting from collapse." Farmers asserts that, because the underlying cause of the loss was the collapse, which made the car hit the house, the damage is not covered by the policy.[2] Farmers also relies on the language at the beginning of Section B, which says that "[s]uch loss or damage" is not covered regardless of other covered events in sequence with the excluded loss or damage.[3]

In their arguments, the parties demonstrate that there are two reasonable interpretations of the policy: (1) that the losses are covered if they are directly caused by physical contact with the neighbor's vehicle and (2) that the losses are not covered because it resulted from collapse. We have considered and reject Farmers' contention that the "concurrent cause" provision of the policy unambiguously resolves that conflict. The trial court concluded that the insurance policy is ambiguous. We agree: the policy is ambiguous and we construe it against the drafter, Farmers. Accordingly, we conclude that the trial court did not err in granting plaintiffs' motion for summary judgment on the breach of contract claim.[4]

Affirmed.

---

[2] At oral argument, Farmers also argued that the car was not acting as a motor vehicle, it was merely part of the debris resulting from the collapse. The policy defines "motor vehicle" in part as "any self-propelled vehicle or any self-propelled machine, *whether operable or not*, which is designed for movement on land or on land and in water, including by way of example but not limited to any type of automobile, hovercraft or air cushion vehicle[.]" (Emphasis added.) Based on that definition, we find Farmers's argument that the car was not operating as a motor vehicle unpersuasive.

[3] In its reply brief, Farmers also makes much of the fact that "Plaintiffs stipulated that their loss was caused by collapse." Plaintiffs simply agreed that a collapse caused physical injury between their home and the neighbor's vehicle. The legal issue before us is whether, in that situation, the loss is covered and the stipulation does not resolve that legal issue.

[4] We need not address Farmers's contingent argument relating to attorney fees on appeal, because the attorney fees were correctly awarded to plaintiffs as the prevailing party under ORS 742.061(1).